THIS ORDER IS APPROVED.

Dated: April 07, 2010



_____
**JAMES M. MARLAR**
Chief Bankruptcy Judge

```
RONALD L. HOFFBAUER, 006888
P.O. BOX 10434
PHOENIX, AZ 85064
(602) 277-3776 x205
Fax: (602) 277-4103
ronh@maney13trustee.com
Attorney for Edward J. Maney,
     Chapter 13 Trustee
```

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STEVEN ANTHONY ENSLEY,<br>SSN: XXX-XX-6120<br>VARETTA JEAN ENSLEY,<br>SSN: XXX-XX-2141<br><br>            Debtors. | No.  2: 08-bk-14976 JMM<br>Chapter 13<br><br>ORDER APPOINTING SPECIAL COUNSEL TO REPRESENT THE ESTATE ON A CONTINGENT FEE BASIS PLUS COSTS |

This matter having come before the court for hearing upon the application of Edward J. Maney, the standing Chapter 13 Trustee assigned to administer this case for authorization to employ and appoint Douglas A. Lusson, Esq. and The Law Firm of Kasdan, Simonds, Riley & Vaughn, LLP to represent him in handling the claims of the estate for the construction defects on Debtors' home, with all fees and costs subject to review and approval by the Bankruptcy Court, and upon the Affidavit of Douglas A. Lusson, Esq. it appearing that said attorney is duly admitted to practice law in the State of Arizona, where the claim arose, and this Court being satisfied that said Attorney represents no interests adverse to the Debtors or the Estate and the matter upon which said Attorney and his firm is to be engaged; that the employment is necessary and would be in the best interest of the estate, and good cause appearing,

IT IS HEREBY ORDERED that Edward J. Maney, be and hereby is authorized to employ Douglas A. Lusson, Esq. and The Law Firm of Kasdan, Simonds, Riley & Vaughn, LLP to represent him, effective the respective

-1-

dates of the fee agreement, namely July 17, 2007, in the pursuit of the construction defect claim for the Bankruptcy Estate on a percentage fee basis of Thirty-Three and 1/3 per cent (33 1/3%) of the total sum collected as a result of the claim plus costs, fees and costs to be subject to review and approval by the Bankruptcy Court, and turn over all proceeds to the Chapter 13 Trustee for disbursal by the Trustee with the Trustee to retain any non-exempt proceeds for the benefit of the Chapter 13 estate.

Dated as set forth on the electronic signature affixed hereto.

_____
James M. Marlar, Judge
U.S. Bankruptcy Court

c:\ron\pleadings\pi\ensleyordertoappoint