RONALD L. HOFFBAUER, 006888
P.O. BOX 10434
PHOENIX, AZ 85064
(602) 277-3776 x205
Fax: (602) 277-4103
ronh@maney13trustee.com
Attorney for Edward J. Maney,
　　　Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) | |
|---|---|---|
| | ) | No.　2:08-bk-14976 JMM |
| STEVEN ANTHONY ENSLEY, | ) | Chapter 13 |
| SSN: XXX-XX-6120 | ) | |
| VARETTA JEAN ENSLEY, | ) | TRUSTEE'S RESPONSE TO MOTION |
| SSN: XXX-XX-2141 | ) | FOR TURNOVER OF FUNDS |
| | ) | |
| 　　　　　Debtor. | ) | |

　　　Comes now Edward J. Maney, the standing Chapter 13 Trustee assigned to administer this case (hereafter "Trustee"), by and through counsel undersigned, in response to the motion for turnover of funds and requests that the Court deny the motion.

　　　Debtors claim that the funds that the Trustee is holding for which an application to compromise claim was filed are exempt under the provisions of A.R.S. §33-1101(A).  Debtors do not cite any authority for their position.  That assertion is misplaced.  The settlement of a tort claim is not exempt under that statute.  The wording of A.R.S. §33-1101(A) is clear.

> 33-1101. Homestead exemptions; persons entitled to hold homesteads
> A. Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value, any one of the following:
> 1. The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides.
> 2. The person's interest in one condominium or cooperative in which the person resides.
> 3. A mobile home in which the person resides.
> 4. A mobile home in which the person resides plus the land upon which that mobile home is located.

-1-
Case 2:08-bk-14976-JMM   Doc 92   Filed 06/10/10   Entered 06/10/10 15:01:51   Desc
Main Document    Page 1 of 4

B. Only one homestead exemption may be held by a married couple or a single person under this section. The value as specified in this section refers to the equity of a single person or married couple. If a married couple lived together in a dwelling house, a condominium or cooperative, a mobile home or a mobile home plus land on which the mobile home is located and are then divorced, the total exemption allowed for that residence to either or both persons shall not exceed one hundred fifty thousand dollars in value.

C. The homestead exemption, not exceeding the value provided for in subsection A, automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property. The homestead exemption in identifiable cash proceeds continues for eighteen months after the date of the sale of the property or until the person establishes a new homestead with the proceeds, whichever period is shorter. Only one homestead exemption at a time may be held by a person under this section.

As can be seen from the wording, the homestead exemption protects the Debtors' dwelling house and the land upon which it resides. It does not refer to or exempt tort claims for damages to the property.

In the published opinion of *In re Plant*, 300 B.R. 22 (Bankr D.AZ 2003) another division of this Court has previously ruled on this issue. In that case, the debtor listed a cause of action against a builder in her schedules. The debtor advised the Trustee that the builder had filed for bankruptcy and the debt was uncollectible. The Debtor later received a $15,000.00 settlement. The Chapter 7 Trustee reopened the case to seek a turnover of the funds.

After hearing the arguments of the parties and reviewing two statutes cited by the Debtors, the Court wrote:

> Homestead laws should be interpreted liberally to advance the objectives of the statutes, the fundamental purpose of which is to protect the family against the forced sale of home property from certain creditors. *Matcha v. Winn*, 131 Ariz. 115, 638 P.2d 1361 (1981); *Gardenshire v. Glasser*, 26 Ariz. 503, 226 P. 911 (1924). Since homesteads are purely creatures of statute, the statute must be reviewed to determine the meaning of homestead; and if the statutory language is plain, the courts must follow it. *Wuich v. Solomon Wickersham Co.,* 18 Ariz. 164, 157 P. 972 (1916).
>
> The Debtor did not cite, and the Court has not found, any precedent within the Ninth Circuit on this issue. The Debtor does, however, rely on A.R.S. §33-1126(A)(5) [Footnote Omitted]. As noted by the Trustee, the Debtor's reliance on the statutory language of A.R.S. §33-1126 is misplaced. Section 33-1126 relates to the exemption of **personal property**. Prior to the 1976 amendments to A.R.S. §33-1126, Section 5 read as follows:
>
>> All money arising from fire or other insurance upon any property exempt from sale on execution.

> The section has been amended, [Footnote Omitted] and has importantly added the language "under this article" at the end thereof. The word "article" refers to Article 2, Chapter 8, Title 33, which only pertains to personal property exemptions. As such, Section 33-1126 deals specifically with exempt money proceeds as to personal property; nowhere does the language refer to money arising from the damage to homestead property.
>
> There is no comparable language in the homestead statutes. *See* A.R.S. §33-1101 *et seq.* If the Legislature wished to include the proceeds of damage claims relating to homesteaded property, it would have done so in its revisions of the homestead and personal property exemptions. As noted by this Court in the decision of *In re Hoffpauir*, 125 B.R. 269 (Bankr.D.Ariz.1990):
>
>> The Legislature's omission of words of unmistakable meaning which it used in other enactments compels the conclusion that the omission was intentional." [quoting *Richman v. Pratt,* 174 N.J Super. 1, 414 A.2d 1371, 1372 (N.J. Super A.D.1980)]. The better argument is that the Statute to be reviewed must contain unequivocal language that the property, claim or asset is exempt. Moreover, A.R.S. §33-1133(B) clearly states that Arizona debtors are only entitled to the exemptions set forth in the Constitution or Statutes of Arizona.
>
> *Id.* at 271. Here the statutory language of A.R.S. §33-1126(A)(5) limits the exemption to the proceeds of personal property. As such, it cannot be used to exempt the settlement proceeds from a damage claim relating to her residence. The plain and unambiguous language of the statute prevents such a construction. The Courts must apply the plain meaning of the statute and may not interpret the statute to create an exemption the legislature did not intend. *In re Hoffpauir*, 125 B.R. 269 (Bankr.D.Ariz.1990); *In re Webb*, 210 B.R. 266 (Bankr.E.D.Va.1997)………..
>
> Based upon the foregoing, the Court must conclude that the Arizona statute concerning the exemption of the proceeds of certain personal property does not include the proceeds arising from a settlement relating to homestead property. There is simply no comparable equivalent in the homestead statutes. Accordingly, the Debtor's Motion must be denied. The Court does note that the Debtor has not been deprived of an exemption. If the Debtor chooses to sell her home, she will be entitled to an exemption of up to $100,000 from any net proceeds received from the property. *In re Plant*, id at 23-25

Debtors did not list the tort claim for these funds until nearly 18 months after the case was filed. Although Debtors previously amended Schedule C, they have never made a claim for homestead on the real property and never made a claim for these funds until 18 months into the case. Now Debtors want to claim the funds received pursuant to a tort claim for what can only be presumed to be negligence. Debtors have not provided any information regarding the nature of the lawsuit that would show that this is anything but a tort claim.

As shown by the reasoning of the Court in *In re Plant*, id, the proceeds of the tort claims are not exempt under the homestead statute.

Therefore, the Debtors motion for turnover of the funds must be denied. Debtors voluntarily choose to seek protection under the provisions of the Bankruptcy Code. By doing so, they surrendered their right to receive the proceeds of the tort litigation to obtain relief from their creditors.

Wherefore, the Trustee respectfully requests that the Court deny the motion for turnover of the proceeds.

Dated as set forth on the electronic signature affixed hereto.

                                                _____
                                                Ronald L. Hoffbauer
                                                Staff Attorney for Edward J. Maney

The original filed and a copy of
the foregoing mailed on the 10th day
of June, 2010:

Joseph W. Charles, Esq.
P.O. Box 1737
Glendale, AZ 85311
Attorney for Debtors

and a copy hand delivered to:

U.S. Trustee
230 N. First Avenue
Suite 204
Phoenix, AZ 85003-1706


by__ /s/ Ronald L. Hoffbauer__


c:\ron\pleadings\ensleyresponsemtnforturnover